| | |
|---|---|
| MICHELLE SAPOZHNIKOV and US REALTY GROUP LLC, on behalf of themselves individually and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK COMMUNITY BANK,<br><br>Defendant. | Case No. 2:23-cv-01609-KAM-SIL |

## ORDER AND FINAL JUDGMENT

WHEREAS, the Parties in the above-captioned Action entered into a Settlement Agreement and Release;

WHEREAS, Plaintiffs have filed an unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Class Representative Service Award;

WHEREAS, on October 6, 2025, the Court entered a Preliminary Approval Order which, (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3); (iii) appointed Plaintiffs Michelle Sapozhnikov and US Realty Group LLC as Class Representatives for Settlement purposes only; (iv) appointed the law firms of Kaliel Gold PLLC, Weitz & Luxenberg, PC, and Jennings & Earley PLLC as Class Counsel for Settlement purposes only; (v) appointed Simpluris as the Settlement Administrator to administer the Notice Program and the proposed Settlement; (vi) approved the form and manner of Notice; and (vii) set a hearing date to consider Final Approval of the Settlement; and

WHEREAS, Notice was provided, in accordance with the Court's Preliminary Approval Order, by individual email and/or mailings to all persons in the Settlement Classes who could be reasonably identified; and

WHEREAS, a notice of Settlement was mailed to governmental entities pursuant to 28 U.S.C. § 1715; and

WHEREAS, on February 12, 2026, at 11:00 a.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, Courtroom 6B South, The Honorable Kiyo A. Matsumoto held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider the Application for Attorneys' Fees, Costs, and Service Award; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the Action and over all parties to the Action, including all Settlement Class Members.

2. This Final Approval Order incorporates the definitions in the Agreement, and all terms used in this Final Approval Order have the same meanings as set forth in the Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice.

The notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1), and all other applicable laws and rules.

4. The notice to governmental entities, as given, complied with 28 U.S.C. § 1715.

5. Applying the Federal Rule of Civil Procedure 23(e)(2) and the *City of Detroit v. Grinnell Corp.*, 495 F. 2d 448 (2d Cir. 1974) factors, the Settlement set forth in the Agreement (i) is in all respects fair, reasonable, and adequate to the Settlement Classes, (ii) was the product of informed, arm's-length negotiations among competent, able counsel; and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendant to adequately evaluate and consider the strengths and weaknesses of their respective positions. The Settlement relief is adequate, taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing the Settlement Fund to the Settlement Classes; and the terms of any proposed award of attorneys' fees, including timing of payment. The Settlement treats Settlement Class Members equitably relative to each other. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there has been one a single opt-out from the Settlement, the lack of any objections by Settlement Class Members, and the opinions of competent counsel concerning such matters.

6. The Class Representatives and Class Counsel have fairly and adequately represented, and will continue to adequately represent and protect, the interests of Settlement Class Members in connection with the Settlement.

7 Because the Court approves the Settlement as fair, adequate, and reasonable, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

8. All Parties to this Action and all Settlement Class Members except for those who opted out are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

9. The appointment of Michelle Sapozhnikov and US Realty Group LLC as Class Representatives is affirmed.

10. The appointment of the law firms of Kaliel Gold PLLC, Weitz & Luxenberg, PC, and Jennings & Earley PLLC, including attorneys Sophia Gold, James J. Bilsborrow, and Tyler B. Ewigleben, as Class Counsel is affirmed.

11. The Court affirms its previous finding that the Settlement Classes meet the Federal Rule of Civil Procedure 23(a) and (b)(3) requirements for Settlement purposes only in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the Action.

12. The Class Representatives and each Settlement Class Member, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf ("Releasing Parties"), will be deemed to have fully and irrevocably released and forever discharged Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives,, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, and successors ("Released Parties") of

4

and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that arise from or relate to Defendant's assessment of the Relevant Fees, and claims that were asserted or could possibly have been asserted in the Action relating to Defendant's assessment of Relevant Fees.

13.     Plaintiffs or any Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, and contingent or non-contingent claims with respect to all of the matters described in or subsumed by herein. Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement and/or never receives a distribution of funds or credits from the Settlement.

14.     The Class Representatives, all Settlement Class Members, and the Releasing Parties are hereby barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them,

any of the Released Claims against the Released Parties in any forum, action, or proceeding of any kind.

15. The distribution plan as described in the Agreement and Notice to all Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class Members. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Agreement or affect the finality of this Order.

16. Neither the Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

17. Class Counsel is awarded attorneys' fees in the amount of $411,166.70 and costs in the amount of $8,085.97, such amounts to be paid from the Settlement Fund in accordance with the Agreement's terms. The Court concludes that the attorneys' fees awarded to Class Counsel meet the requirements of *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), in all respects. The Court also approves Class Counsel's request for payment to the Settlement Administrator Simpluris Inc. of $64,439.00 for the costs of mailing notice and administering the Settlement and Settlement Fund.

18. The Class Representatives are each awarded an individual Service Award of $15,000.00, to be paid from the Settlement Fund in accordance with the terms of the Agreement.

19. The Court hereby retains jurisdiction over: (a) the implementation and performance of the Agreement; (b) the administration, consummation, and enforcement of the Agreement; (c) all questions and/or disputes related to the Notice Program and the Settlement Administrator; and (d) the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims, and from pursuing any Released Claims, against Defendant or its affiliates at any time, including during any appeal from this Order.

20. In the event the Effective Date does not occur, or if the Settlement terminates due to any of the occurrences set forth in the Agreement: the Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Defendant's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action, as if the Parties had not entered into the Agreement, with all of the Parties' respective pre-Settlement rights, claims, and defenses retained and preserved.

21. The Action is hereby **DISMISSED WITH PREJUDICE**.

22. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

DATED: __February 20, 2026__

_____
Hon. Kiyo A. Matsumoto
United States District Judge